ROSHAN D. SHAH, ESQ. (042302009)
**SHAH LAW GROUP, LLC**
**ATTORNEYS AT LAW**
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Telephone: (732) 398-6545
Facsimile: (732) 576-0027
*Attorneys for Defendants, State of New Jersey, New Jersey State Police, and Trooper Adam Kowalski*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| JEROME R. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY; NEW JERSEY STATE POLICE; TROOPER ADAM KOWALSKI, Badge No. 8192; CITY OF TRENTON; JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10 (fictitious designations); JOHN DOE TRENTON POLICE OFFICERS 1-10 (fictitious designations); and JOHN DOE ENTITIES 1-10 (fictitious designations),<br><br>Defendants. | Civil Action No.:<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL** |

Defendants State of New Jersey, New Jersey State Police ("NJSP"), and Trooper Adam Kowalski (collectively, the "NJSP Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action, currently pending in the Mercer County Superior Court, Law Division, under Docket No. MER-L-2097-26, to the United States District Court for the District of New Jersey, Trenton Vicinage. As grounds for removal, the NJSP Defendants state the following:

1. Complaint: On or about September 3, 2024, Plaintiff Jerome White alleges that he was stopped by New Jersey State Trooper Kowalski and directed to exit his vehicle despite being paralyzed from the waist down. *Comp.*, ¶¶ 1-4, attached hereto as **Exhibit A**. White further alleges that he was not provided with reasonably necessary assistance to exit the vehicle, causing him to fall to the ground from the driver's seat, where he was subsequently handcuffed. *Id.* at ¶¶ 5-6. White alleges that he was ultimately released without being charged with any criminal offense. *Id.* at ¶ 7.

White has now filed suit against the NJSP Defendants and the City of Trenton. He asserts several causes of action, including negligence and violation of the Americans with Disabilities Act, 42 U.S.C. § 12132; the Fourth Amendment under 42 U.S.C. § 1983; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *Id.* at ¶ 9; Counts I thru XII.

2. Basis for Jurisdiction in this Court: Removal to this Court is proper pursuant to 28 U.S.C. § 1331. Specifically, White's Complaint asserts federal claims and, therefore, raises a federal question under § 1331. Accordingly, this Court has original federal question jurisdiction over the action, and removal is proper pursuant to § 1441(a).

3. Timeliness of Removal: Tpr. Kowalski was not properly served. The State of New Jersey and NJSP were properly served on September 7, 2026. Accordingly, this Notice of Removal is filed within the 30-day time period for removal allotted by 28 U.S.C. § 1446.

4. Pleadings and Process: Pursuant to 28 U.S.C. § 1446(a), and the Local Rules, a copy of all process, pleadings, orders, and other documents with which the NJSP Defendants were served, and a copy of all documents filed in Mercer County Superior Court under Docket No. MER-L-2097-26, are attached as **Exhibit B**.

5. Notice Given: NJSP Defendants will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, in Mercer County, as required by 28 U.S.C. § 1446(d).

6. Consent As to All Parties: All parties have consented to removal in this matter. *See Consent to Removal from City of Trenton*, attached as **Exhibit C**.

**WHEREFORE**, the NJSP Defendants respectfully request that this case be removed from Mercer County Superior Court under Docket No. MER-L-2097-26; that this Court exercise jurisdiction over this matter; and that this Court grant any and all other appropriate relief.

Respectfully submitted,

**SHAH LAW GROUP, LLC**
*Attorneys for Defendants State of New Jersey, New Jersey State Police, and Trooper Adam Kowalski*

By: */s/ Roshan D. Shah*
ROSHAN D. SHAH, ESQ.

Dated: October 7, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, I caused the foregoing Notice of Removal to be filed with the United States District Court for the District of New Jersey, via the Court's CM/ECF filing system. I further certify that a copy was served upon all counsel of record via regular mail as follows:

Deborah S. Dunn, Esq.
STARK & STARK, P.C.
401 Route 73 North, Suite 130
Marlton, NJ 08053

Tyler Newman, Esq.
Murphy Orlando LLC
494 Broad Street, 5th Floor
Newark, NJ 07102

Dated: October 7, 2026

*/s/Roshan D. Shah*
Roshan D. Shah, Esq.

# EXHIBIT A

EXHIBIT
A
ALL-STATE LEGAL®

**STARK & STARK, P.C.**
401 Route 73 North, Suite 130
Marlton, NJ 08053-3425
(856) 874-4443
**Deborah S. Dunn, Esq., Attorney ID: 04000-2001**
**Attorneys for Plaintiff, JEROME R. WHITE**

| | |
|---|---|
| JEROME R. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY; NEW JERSEY STATE POLICE; TROOPER ADAM KOWALSKI, Badge No. 8192; CITY OF TRENTON; JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10 (fictitious designations); JOHN DOE TRENTON POLICE OFFICERS 1-10 (fictitious designations); and JOHN DOE ENTITIES 1-10 (fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>Docket No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**DEMAND FOR DISCOVERY** |

Plaintiff, JEROME R. WHITE, by way of Complaint, states and alleges:

## PRELIMINARY STATEMENT

1. This action arises from a September 3, 2024, motor vehicle stop and law-enforcement encounter in the City of Trenton, Mercer County, New Jersey.

2. On the aforesaid date, Plaintiff, JEROME R. WHITE, a man paralyzed from approximately the chest down, who operates a modified motor vehicle equipped with adaptive hand controls, was stopped by Defendant, NEW JERSEY STATE POLICE.

3. During the stop, Defendant, TROOPER ADAM KOWALSKI, Badge No. 8192, was expressly advised that Plaintiff could not exit the vehicle and specifically confirmed that Plaintiff was paralyzed.

4. Defendant, TROOPER ADAM KOWALSKI, nevertheless directed Plaintiff to exit the vehicle without providing reasonably necessary assistance in light of his known physical limitations.

5. Plaintiff complied with the direction given by Defendant, TROOPER ADAM KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

6. Plaintiff was placed in handcuffs before Trenton Emergency Medical Services transported him to Capital Health Regional Medical Center for evaluation of injuries arising from the incident.

7. Plaintiff was ultimately released without being charged with any criminal offense arising from the September 3, 2024, encounter.

8. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

9. The causes of action asserted in this Complaint include: (a) violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; (b) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; (c) violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.; (d) negligence and/or recklessness under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.; (e) unreasonable and excessive force under 42 U.S.C. § 1983; (f) unreasonable seizure and detention under 42 U.S.C. § 1983; and (g) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq.

STARK & STARK



4924-5651-2461, v. 2

10. Plaintiff seeks to recover compensatory damages, including damages for physical injury, pain and suffering, psychological and emotional injury, medical expenses and other economic and non-economic losses, together with attorneys' fees, costs, interest, punitive damages where permitted by law and such other relief as the Court deems just and equitable.

## PARTIES

11. Plaintiff, JEROME R. WHITE ("Plaintiff"), was, at all relevant times, a resident of Trenton, Mercer County, New Jersey.

12. Defendant, STATE OF NEW JERSEY ("STATE"), is a sovereign state and public entity organized and existing under the laws of the State of New Jersey.

13. Defendant, NEW JERSEY STATE POLICE ("STATE POLICE"), is an arm of Defendant, STATE, and is the police force responsible for enforcing the laws of the State.

14. Defendant, TROOPER ADAM KOWALSKI, Badge No. 8192 ("KOWALSKI"), was, at all relevant times, employed as a State Trooper by Defendant, STATE POLICE, and was acting in the course and scope of that employment during the events alleged herein.

15. Defendant, CITY OF TRENTON ("TRENTON"), is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey and is authorized under those laws to maintain a municipal police force known as the Trenton Police Department.

16. Defendants, JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, JOHN DOE TRENTON POLICE OFFICERS 1-10 and JOHN DOE ENTITIES 1-10, are fictitious designations for presently unidentified persons and/or entities whose identities and involvement in the events alleged herein are presently unknown. Plaintiff will amend this Complaint to identify those Defendants as their identities and involvement are established through discovery.

STARK & STARK

17. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were, at all relevant times, employees and/or agents of Defendant, STATE and/or Defendant, STATE POLICE.

18. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were, at all relevant times, employees and/or agents of Defendant, TRENTON.

19. At all relevant times, the individual Defendants acted in the course and scope of their respective employment and under the authority vested in them as law enforcement officers and employees of their respective public entities.

20. Defendants, STATE, STATE POLICE and TRENTON, are public entities within the meaning of applicable New Jersey law and are alleged to be responsible for the acts and omissions of their respective employees and agents to the extent provided by applicable law.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over this action pursuant to the New Jersey Constitution and applicable law. This Court has concurrent jurisdiction over Plaintiff's claims arising under federal law, including 29 U.S.C. § 794, 42 U.S.C. § 12132 and 42 U.S.C. § 1983.

22. Venue is proper in Mercer County pursuant to Rule 4:3-2 because the claims against Defendants, which are public entities, arose from the September 3, 2024, motor-vehicle stop and related law-enforcement encounter in the City of Trenton, Mercer County, New Jersey.

23. The claims asserted herein arise from the same September 3, 2024, motor vehicle stop, detention, arrest and related law-enforcement encounter and form part of the same case or controversy.

STARK & STARK

## FACTUAL ALLEGATIONS

24. On September 3, 2024, Plaintiff, JEROME R. WHITE, was operating his modified 2006 Chrysler van near North Montgomery Street and Academy Street in the City of Trenton, County of Mercer and State of New Jersey.

25. Plaintiff is paralyzed from approximately the chest down and operates his vehicle through adaptive hand controls that enable him to control the brake and accelerator.

26. At approximately 3:12 p.m., Defendant, TROOPER ADAM KOWALSKI, Badge No. 8192, initiated a motor vehicle stop of Plaintiff and approached the driver's side of the van.

27. As Defendant, KOWALSKI, approached Plaintiff's vehicle, Plaintiff opened the driver's side door. The interior of the van, including the adaptive equipment utilized by Plaintiff to operate the brake and accelerator, was visible to Defendant, KOWALSKI.

28. By this time, several other members of Defendant, STATE POLICE, were present at the scene. Plaintiff remained seated in the driver's seat of his van.

29. Defendant, KOWALSKI, directed Plaintiff, "Hop outta the car." Plaintiff responded, "I can't get outta the car."

30. Defendant, KOWALSKI, then specifically asked Plaintiff whether he was paralyzed. Plaintiff confirmed that he was.

31. After that exchange and further interaction, Defendant, KOWALSKI, directed Plaintiff to exit the vehicle, stating, "So, yeah, get out."

32. Plaintiff complied with Defendant, KOWALSKI's, direction, and was caused to fall to the ground from the driver's seat, sustaining injury.

33. Upon information and belief, Defendant, KOWALSKI, and another unknown State Trooper made contact with Plaintiff in connection with their instruction to exit the vehicle.

STARK & STARK

34. A body-worn camera worn by another responding State Trooper contemporaneously recorded Plaintiff's son, Jerome Edwards, Jr., advising the members of Defendant, STATE POLICE, that Plaintiff could not walk.

35. Plaintiff was placed in handcuffs before Trenton Emergency Medical Services transported him to Capital Health Regional Medical Center for evaluation of injuries arising from the incident.

36. At Capital Health Regional Medical Center, Plaintiff complained of upper, mid and lower back pain. Plaintiff was evaluated, medically cleared and discharged.

37. Records obtained from Defendant, CITY OF TRENTON, characterize the involvement of Trenton personnel in the September 3, 2024, encounter as "assisting state police on car stop."

38. The identities and precise involvement of Defendants, JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, JOHN DOE TRENTON POLICE OFFICERS 1-10 and JOHN DOE ENTITIES 1-10, are presently unknown to Plaintiff and will be ascertained through discovery.

## NOTICE OF CLAIM

39. Plaintiff timely served written Notices of Tort Claim arising from the September 3, 2024, incident upon the State of New Jersey/New Jersey State Police and the City of Trenton.

40. The State of New Jersey assigned Plaintiff's claim State Risk Claim No. RC24-0001602, and the City of Trenton assigned Plaintiff's claim City Claim No. 309-17870.

41. More than six months have elapsed since service of Plaintiff's Notices of Claim, and the claims asserted herein remain unresolved.

STARK & STARK

## COUNT I

### SECTION 504 OF THE REHABILITATION ACT OF 1973 [29 U.S.C. § 794] AGAINST DEFENDANT, NEW JERSEY STATE POLICE

42. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

43. Plaintiff is an otherwise qualified individual with a disability within the meaning of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff is paralyzed from approximately the chest down and is substantially limited in his ability to walk and perform major life activities involving lower-extremity mobility.

44. At all times relevant hereto, Defendant, NEW JERSEY STATE POLICE, received federal financial assistance within the meaning of § 504 of the Rehabilitation Act, including federal financial assistance used in connection with the programs and activities of Defendant, NEW JERSEY STATE POLICE.

45. During the September 3, 2024, motor vehicle stop and investigation, Plaintiff was subject to the law-enforcement programs and activities of Defendant, NEW JERSEY STATE POLICE.

46. Before Plaintiff attempted to exit his vehicle, Defendant, KOWALSKI, knew that Plaintiff was paralyzed and unable to independently exit the vehicle. Plaintiff expressly advised Defendant, KOWALSKI, that he could not get out of the vehicle. Defendant, KOWALSKI, confirmed that Plaintiff was paralyzed, and the adaptive hand controls were visible within Plaintiff's vehicle.

47. Despite his knowledge of Plaintiff's disability and resulting physical limitation, Defendant, KOWALSKI, continued to direct Plaintiff to exit the vehicle without first determining what assistance Plaintiff required to safely do so.

STARK &STARK

48. Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

49. Defendant, NEW JERSEY STATE POLICE, denied Plaintiff a reasonable accommodation for his known disability by failing to modify the manner in which Plaintiff was required to exit the vehicle and by failing to determine and arrange the assistance necessary for Plaintiff to do so safely before requiring him to attempt to exit.

50. By failing to make a reasonable modification to the manner in which Plaintiff was required to exit the vehicle, despite actual knowledge of his paralysis and inability to transfer independently, Defendant, NEW JERSEY STATE POLICE, denied Plaintiff meaningful and equal access to its federally funded law-enforcement programs and activities solely by reason of his disability, in violation of Section 504 of the Rehabilitation Act.

51. Defendant, NEW JERSEY STATE POLICE, had actual knowledge of Plaintiff's disability and the substantial likelihood that requiring Plaintiff to attempt to exit the vehicle without first determining and providing necessary assistance would violate Plaintiff's federally protected rights, yet failed to act upon that knowledge.

52. As a direct and proximate result of the unlawful conduct of Defendant, NEW JERSEY STATE POLICE, Plaintiff sustained physical injury, pain and suffering, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendant, NEW JERSEY STATE POLICE, for compensatory damages to the extent permitted by law, reasonable attorneys' fees and costs, interest and such other relief as the Court deems just and equitable.

STARK & STARK



4924-5651-2461, v. 2

## COUNT II

**TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
**[42 U.S.C. § 12132]**
**AGAINST DEFENDANTS, NEW JERSEY STATE POLICE AND CITY OF TRENTON**

53. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

54. Plaintiff is a qualified individual with a disability within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. Plaintiff is paralyzed from approximately the chest down and is substantially limited in his ability to walk and perform major life activities involving lower-extremity mobility.

55. Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, are public entities within the meaning of 42 U.S.C. § 12131.

56. During the September 3, 2024, motor vehicle stop and investigation, Plaintiff was subject to the law-enforcement services, programs and activities of Defendant, NEW JERSEY STATE POLICE.

57. Records obtained from Defendant, CITY OF TRENTON, characterize the involvement of Trenton personnel in the September 3, 2024, encounter as "assisting state police on car stop." The identities and precise involvement of those Trenton personnel are presently unknown to Plaintiff and will be ascertained through discovery.

58. Before Plaintiff attempted to exit his vehicle, Defendant, KOWALSKI, knew that Plaintiff was paralyzed and unable to independently exit the vehicle. Plaintiff expressly advised Defendant, KOWALSKI, that he could not get out of the vehicle. Defendant, KOWALSKI, confirmed that Plaintiff was paralyzed, and the adaptive hand controls were visible within Plaintiff's vehicle.

STARK & STARK

59. Despite his knowledge of Plaintiff's disability and resulting physical limitation, Defendant, KOWALSKI, continued to direct Plaintiff to exit the vehicle without first determining what assistance Plaintiff required to safely do so.

60. Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

61. Upon information and belief, Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, failed to make a reasonable modification to the manner in which Plaintiff was required to exit the vehicle by failing to determine and arrange the assistance necessary for Plaintiff to do so safely before requiring him to attempt to exit.

62. By failing to reasonably modify the vehicle-exit procedure to accommodate Plaintiff's paralysis and inability to transfer independently, Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, denied Plaintiff meaningful and equal access to their law-enforcement services, programs and activities by reason of his disability, in violation of Title II of the Americans with Disabilities Act.

63. Defendant, NEW JERSEY STATE POLICE, had actual knowledge of Plaintiff's disability and the substantial likelihood that requiring Plaintiff to attempt to exit the vehicle without first determining and providing necessary assistance would violate Plaintiff's federally protected rights, yet failed to act upon that knowledge.

64. As a direct and proximate result of the unlawful conduct of Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, Plaintiff sustained physical injury, pain and suffering, medical expenses and other compensable damages.

STARK &STARK

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, for compensatory damages to the extent permitted by law, reasonable attorneys' fees and costs, interest and such other relief as the Court deems just and equitable.

## COUNT III

### THE NEW JERSEY LAW AGAINST DISCRIMINATION [N.J.S.A. 10:5-1 ET SEQ.] AGAINST DEFENDANTS, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI AND JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10

65. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

66. At all times material hereto, Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, provided governmental law-enforcement services to the public, and Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were acting as State Troopers in providing those services.

67. Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, in furnishing law-enforcement services to Plaintiff, were subject to the public-accommodation protections of the New Jersey Law Against Discrimination.

68. Plaintiff is a person with a disability within the meaning of the New Jersey Law Against Discrimination. Plaintiff is paralyzed from approximately the chest down and cannot walk or perform major life activities involving lower-extremity mobility.

STARK & STARK

69. The New Jersey Law Against Discrimination recognizes as a civil right the opportunity of all persons to obtain the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination because of disability. N.J.S.A. 10:5-4. It further prohibits an owner, proprietor, agent or employee of a place of public accommodation from refusing, withholding, denying or discriminating in the furnishing of such accommodations, advantages, facilities or privileges because of disability. N.J.S.A. 10:5-12(f)(1).

70. Places of public accommodation are required to make reasonable accommodations to the limitations of a person with a disability, including reasonable modifications to policies, practices or procedures where necessary to afford the person the goods, services, facilities, privileges, advantages or accommodations being furnished, unless the accommodation would impose an undue burden. N.J.A.C. 13:13-4.11.

71. Before Plaintiff attempted to exit the van, Defendant, KOWALSKI, had actual knowledge that Plaintiff could not independently exit the vehicle and had specifically confirmed that Plaintiff was paralyzed. The adaptive hand controls used by Plaintiff to operate the van were visible to Defendant, KOWALSKI.

72. Despite that knowledge, Defendant, KOWALSKI, continued to direct Plaintiff to exit the van without first determining what assistance Plaintiff required or arranging assistance appropriate to Plaintiff's known physical limitations.

73. Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

74. Reasonable accommodation of Plaintiff's disability included determining what assistance Plaintiff required to exit the vehicle and arranging such assistance before requiring him to attempt to exit.

STARK &STARK

75. In providing governmental law-enforcement services to Plaintiff, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, failed to adapt the vehicle-exit procedure to Plaintiff's known paralysis and inability to transfer independently, thereby denying him equal access to the services, advantages and accommodations furnished to members of the public because of his disability, in violation of the New Jersey Law Against Discrimination.

76. As a direct and proximate result of the unlawful discriminatory conduct of Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative as permitted by law, for compensatory damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and equitable.

## COUNT IV

**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**[N.J.S.A. 10:5-1 ET SEQ.]**
**AGAINST DEFENDANTS, CITY OF TRENTON AND**
**JOHN DOE TRENTON POLICE OFFICERS 1-10**

77. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

78. At all times material hereto, Defendant, CITY OF TRENTON, provided governmental law-enforcement services to members of the public, and Defendants, JOHN DOE

STARK & STARK

TRENTON POLICE OFFICERS 1-10, were acting as police officers in the provision of those services.

79. Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, in furnishing law-enforcement services to Plaintiff, were subject to the public-accommodation protections of the New Jersey Law Against Discrimination.

80. Plaintiff is a person with a disability within the meaning of the New Jersey Law Against Discrimination. Plaintiff is paralyzed from approximately the chest down and cannot walk or perform major life activities involving lower-extremity mobility.

81. The New Jersey Law Against Discrimination recognizes as a civil right the opportunity of all persons to obtain the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination because of disability. N.J.S.A. 10:5-4. It further prohibits an owner, proprietor, agent or employee of a place of public accommodation from refusing, withholding, denying or discriminating in the furnishing of such accommodations, advantages, facilities or privileges because of disability. N.J.S.A. 10:5-12(f)(1).

82. Places of public accommodation are required to make reasonable accommodations to the limitations of a person with a disability, including reasonable modifications to policies, practices or procedures where necessary to afford the person the goods, services, facilities, privileges, advantages or accommodations being furnished, unless the accommodation would impose an undue burden. N.J.A.C. 13:13-4.11.

83. Records obtained from the Trenton Police Department characterize the involvement of Trenton Police in the September 3, 2024, encounter as "assisting state police on car stop."

84. The identities and precise involvement of JOHN DOE TRENTON POLICE OFFICERS 1-10 are presently unknown to Plaintiff and will be ascertained through discovery.

STARK & STARK

85. Upon information and belief, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting within the course and scope of their employment with Defendant, CITY OF TRENTON, responded to and assisted the New Jersey State Police during the subject motor-vehicle stop.

86. Reasonable accommodation of Plaintiff's disability included determining what assistance Plaintiff required to exit the vehicle and arranging such assistance before requiring him to attempt to exit.

87. Upon information and belief, in providing law-enforcement services and assistance during the subject motor-vehicle stop, Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, failed to reasonably accommodate Plaintiff's known disability and inability to transfer independently, thereby denying him equal access to the services, advantages and accommodations furnished to members of the public because of his disability, in violation of the New Jersey Law Against Discrimination.

88. As a direct and proximate result of the unlawful discriminatory conduct of Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative as permitted by law, for compensatory damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and equitable.

STARK & STARK

## COUNT V

**NEW JERSEY TORT CLAIMS ACT**
**NEGLIGENCE AND/OR RECKLESSNESS**
**[N.J.S.A. 59:1-1 ET SEQ.]**
**AGAINST DEFENDANTS, STATE OF NEW JERSEY,**
**NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI, AND**
**JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10**

89. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

90. At all times material hereto, Defendant, TROOPER ADAM KOWALSKI, was a member, agent, servant and/or employee of Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, and was acting within the course and scope of his employment and law-enforcement duties.

91. At all times material hereto, Defendants, JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were members, agents, servants and/or employees of Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, and were acting within the course and scope of their employment and law-enforcement duties.

92. At the aforesaid time and place, Defendant, KOWALSKI, knew that Plaintiff was paralyzed and had been expressly advised by Plaintiff that he could not independently exit the vehicle. Defendant, KOWALSKI, specifically confirmed that Plaintiff was paralyzed, and the adaptive equipment utilized by Plaintiff to operate the vehicle was visible to Defendant, KOWALSKI.

93. Despite his actual knowledge of Plaintiff's paralysis and inability to independently exit the vehicle, Defendant, KOWALSKI, continued to direct Plaintiff to exit the van without first determining what assistance was reasonably necessary for Plaintiff to do so in light of his known physical limitations.

STARK &STARK

94. At all times material hereto, Defendant, KOWALSKI, was negligent and/or reckless in directing Plaintiff to attempt to exit the vehicle despite actual knowledge that Plaintiff was paralyzed and unable to independently exit; failing to account for Plaintiff's known physical limitations before directing him to attempt the exit; failing to determine what assistance Plaintiff required before directing him to attempt to exit; failing to provide or arrange appropriate assistance before requiring Plaintiff to attempt the exit; and otherwise failing to exercise reasonable care under the circumstances.

95. As a direct and proximate result of the negligent and/or reckless conduct of Defendant, KOWALSKI, as aforesaid, Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

96. At all times material hereto, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were acting as agents, servants and/or employees of Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE. Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, are therefore liable, to the extent provided by the New Jersey Tort Claims Act, including N.J.S.A. 59:2-2, for injuries proximately caused by the acts and omissions of their public employees committed within the scope of their employment.

97. As a direct and proximate result of the negligent and/or reckless conduct of Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

STARK &STARK



4924-5651-2461, v. 2

98. Plaintiff sustained permanent loss of a bodily function and incurred medical treatment expenses in excess of $3,600.00.

99. Plaintiff timely served written Notices of Tort Claim arising from the September 3, 2024, occurrence upon Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE and the CITY OF TRENTON, and more than six months elapsed following service of said Notices before commencement of this action.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, TROOPER ADAM KOWALSKI, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE and/or JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally, or in the alternative, for compensatory damages to the extent permitted by law, costs of suit, interest, and such other relief as the Court deems equitable and just.

## COUNT VI

**NEW JERSEY TORT CLAIMS ACT**
**NEGLIGENCE AND/OR RECKLESSNESS**
**[N.J.S.A. 59:1-1 ET SEQ.]**
**AGAINST DEFENDANTS, CITY OF TRENTON AND**
**JOHN DOE TRENTON POLICE OFFICERS 1-10**

100. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

101. At all times material hereto, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were members, agents, servants and/or employees of Defendant, CITY OF TRENTON, and were acting within the course and scope of their employment and law-enforcement duties.

102. Upon information and belief, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting within the course and scope of their employment with Defendant, CITY OF TRENTON, responded to and assisted Defendant, STATE POLICE, during the subject motor-vehicle stop.

STARK & STARK

103. JOHN DOE TRENTON POLICE OFFICERS 1-10 owed Plaintiff a duty to exercise reasonable care in their participation in and assistance with the subject motor-vehicle stop, detention and related events described herein.

104. Upon information and belief, JOHN DOE TRENTON POLICE OFFICERS 1-10 failed to exercise reasonable care in connection with the conduct alleged herein, breached their duties to Plaintiff and were negligent and/or reckless under the circumstances.

105. At all times material hereto, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were acting as agents, servants and/or employees of Defendant, CITY OF TRENTON. Defendant, CITY OF TRENTON, is therefore liable, to the extent provided by the New Jersey Tort Claims Act, including N.J.S.A. 59:2-2, for injuries proximately caused by the acts and omissions of its public employees committed within the scope of their employment.

106. As a direct and proximate result of the negligent and/or reckless conduct of Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

107. Plaintiff sustained permanent loss of a bodily function and incurred medical treatment expenses in excess of $3,600.00.

108. Plaintiff timely served a written Notice of Tort Claim arising from the September 3, 2024, occurrence upon Defendant, CITY OF TRENTON, and more than six months elapsed following service of said Notice before commencement of this action.

STARK &STARK

**WHEREFORE**, Plaintiff JEROME R. WHITE demands judgment against Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages to the extent permitted by law, costs of suit, interest and such other relief as the Court deems equitable and just.

## COUNT VII

### UNREASONABLE AND EXCESSIVE FORCE [42 U.S.C. § 1983] AGAINST DEFENDANTS, TROOPER ADAM KOWALSKI AND JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10

109. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

110. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, used force against Plaintiff that was objectively unreasonable under the circumstances, including their knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

111. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

112. At all relevant times, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were acting under color of state law and within the course and scope of their duties as members of the New Jersey State Police.

113. The force used against Plaintiff was objectively unreasonable under the circumstances, including Defendants' knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

STARK & STARK

114. By their conduct, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, deprived Plaintiff of his right to be free from excessive and unreasonable force under the Fourth Amendment to the United States Constitution.

115. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, who observed the unlawful and unreasonable use of force, had a reasonable opportunity to prevent it, but failed to intervene.

116. In all the foregoing, Defendants acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

117. As a direct and proximate result of the unlawful and unreasonable conduct of Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff JEROME R. WHITE demands judgment against Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

## COUNT VIII

**UNREASONABLE AND EXCESSIVE FORCE**
**[42 U.S.C. § 1983]**
**AGAINST DEFENDANTS, JOHN DOE TRENTON POLICE OFFICERS 1-10**

118. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

STARK & STARK



4924-5651-2461, v. 2

119. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, used force against Plaintiff that was objectively unreasonable under the circumstances, including their knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

120. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

121. At all relevant times, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were acting under color of state law and within the course and scope of their duties as members of the Trenton Police Department.

122. The force used against Plaintiff was objectively unreasonable under the circumstances, including Defendants' knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

123. By their conduct, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, deprived Plaintiff of his right to be free from excessive and unreasonable force under the Fourth Amendment to the United States Constitution.

124. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, who observed the unlawful and unreasonable use of force, had a reasonable opportunity to prevent it, but failed to intervene.

125. In all the foregoing, Defendants acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

126. As a direct and proximate result of the unlawful and unreasonable conduct of Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

STARK &STARK

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

## COUNT IX

**UNREASONABLE SEIZURE AND DETENTION**
**[42 U.S.C. § 1983]**
**AGAINST DEFENDANTS, TROOPER ADAM KOWALSKI AND**
**JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10**

127. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

128. Upon information and belief, and in the alternative, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, continued to seize and detain Plaintiff beyond the lawful scope and duration of the motor vehicle stop without reasonable, articulable suspicion or probable cause. The factual basis asserted by Defendants for Plaintiff's continued detention is presently within Defendants' exclusive possession and control.

129. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, caused and/or directed the continued seizure and detention of Plaintiff under the circumstances described herein.

130. To the extent Plaintiff's continued seizure and detention were unsupported by reasonable, articulable suspicion or probable cause, such seizure and detention were unreasonable under the Fourth Amendment to the United States Constitution.

STARK &STARK

131. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, are liable for their failure to intervene to stop the unlawful seizure and detention of Plaintiff to the extent they knew of the unlawful detention and had a reasonable opportunity to intervene.

132. By continuing to seize and detain Plaintiff without reasonable suspicion or probable cause, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution.

133. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, violated clearly established law. Under the circumstances present, no reasonable officer could have believed that it was lawful to seize and continue to detain Plaintiff without reasonable, articulable suspicion or probable cause.

134. In all the foregoing, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

135. As a direct and proximate result of the unlawful seizure and detention by Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

## COUNT X

### UNREASONABLE SEIZURE AND DETENTION
### [42 U.S.C. § 1983]
### AGAINST DEFENDANTS, JOHN DOE TRENTON POLICE OFFICERS 1-10

136. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

137. Upon information and belief, and in the alternative, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, continued to seize and detain Plaintiff beyond the lawful scope and duration of the motor vehicle stop without reasonable, articulable suspicion or probable cause. The factual basis asserted by Defendants for Plaintiff's continued detention is presently within Defendants' exclusive possession and control.

138. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, caused and/or directed the continued seizure and detention of Plaintiff under the circumstances described herein.

139. To the extent Plaintiff's continued seizure and detention were unsupported by reasonable, articulable suspicion or probable cause, such seizure and detention were unreasonable under the Fourth Amendment to the United States Constitution.

140. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, are liable for their failure to intervene to stop the unlawful seizure and detention of Plaintiff to the extent they knew of the unlawful detention and had a reasonable opportunity to intervene.

STARK & STARK

141. By continuing to seize and detain Plaintiff without reasonable suspicion or probable cause, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution.

142. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, violated clearly established law. Under the circumstances present, no reasonable officer could have believed that it was lawful to seize and continue to detain Plaintiff without reasonable, articulable suspicion or probable cause.

143. In all the foregoing, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

144. As a direct and proximate result of the unlawful seizure and detention by Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

STARK & STARK

## COUNT XI

**THE NEW JERSEY CIVIL RIGHTS ACT**
**[N.J.S.A. 10:6-1 ET SEQ.]**
**AGAINST DEFENDANTS, TROOPER ADAM KOWALSKI AND**
**JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10**

145. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

146. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, under color of statute, ordinance, regulation, custom and usage, deprived and caused Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the New Jersey Constitution and the laws of the State of New Jersey, including his right to liberty, his right to be secure against unreasonable searches and seizures, his right to be free from unlawful seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

147. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acting under color of law, knowingly and recklessly deprived Plaintiff of his civil rights.

148. The acts of Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were committed in knowing violation of Plaintiff's legal and constitutional rights.

149. The deprivation of Plaintiff's civil rights by Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, violates the New Jersey Constitution and gives rise to Plaintiff's claim for redress pursuant to N.J.S.A. 10:6-1 et seq.

150. Based upon the foregoing conduct, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acting under color of law, deprived and interfered with Plaintiff's exercise and enjoyment of rights guaranteed by the New Jersey Constitution, including his right to be secure against unreasonable seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

151. As a direct and proximate result of the unlawful conduct of Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2(f), interest and such other relief as the Court deems just and equitable.

## COUNT XII

### THE NEW JERSEY CIVIL RIGHTS ACT
### [N.J.S.A. 10:6-1 ET SEQ.]
### AGAINST DEFENDANTS, JOHN DOE TRENTON POLICE OFFICERS 1-10

152. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

153. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, under color of statute, ordinance, regulation, custom and usage, deprived and caused Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the New Jersey Constitution and the laws of the State of New Jersey, including his right to liberty, his right to be secure against unreasonable searches and seizures, his right to be free from unlawful seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

STARK & STARK

154. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting under color of law, knowingly and recklessly deprived Plaintiff of his civil rights.

155. The acts of Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were committed in knowing violation of Plaintiff's legal and constitutional rights.

156. The deprivation of Plaintiff's civil rights by Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, violates the New Jersey Constitution and gives rise to Plaintiff's claim for redress pursuant to N.J.S.A. 10:6-1 et seq.

157. Based upon the foregoing conduct, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting under color of law, deprived and interfered with Plaintiff's exercise and enjoyment of rights guaranteed by the New Jersey Constitution, including his right to be secure against unreasonable seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

158. As a direct and proximate result of the unlawful conduct of Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff JEROME R. WHITE demands judgment against Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2(f), interest and such other relief as the Court deems just and equitable.

STARK & STARK
A Professional Corporation
Attorneys for Plaintiff

Dated: 9/2/2026

By: [signature]
DEBORAH S. DUNN

STARK &STARK

JURY DEMAND

Plaintiff, JEROME R. WHITE, hereby demands a trial by jury as to all issues.

CERTIFICATION OF OTHER ACTIONS/PARTIES

Pursuant to the provisions of Rule 4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

CERTIFICATION OF COMPLIANCE WITH R.1:38-7(c)(1)

Pursuant to Rule 1:38-7(c)(1), all confidential identifiers of the parties to this action have or will be redacted from all documents or pleadings submitted to the Court.

DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that DEBORAH S. DUNN is hereby designated as trial counsel.

DEMAND FOR ANSWERS TO INTERROGATORIES
& SUPPLEMENTAL INTERROGATORIES

Plaintiff, JEROME R. WHITE, demands that ALL DEFENDANTS provide answers to interrogatories as follows:

ALL DEFENDANTS answer FORM C UNIFORM INTERROGATORIES, together with *Plaintiff's Supplemental Interrogatories #1-10*, as set forth below.

STARK & STARK
A Professional Corporation
Attorneys for Plaintiff

STARK &STARK

Dated: 9/2/2026

By: [signature]
DEBORAH S. DUNN



4924-5651-2461, v. 2

## SUPPLEMENTAL INTERROGATORIES TO DEFENDANTS, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE AND TROOPER ADAM KOWALSKI

**INSTRUCTIONS — DEFINITIONS**

***Use the following defined terms when answering these Supplemental Interrogatories.***

***"Incident"*** means the motor-vehicle stop, detention, attempted removal, K-9 deployment, arrest, and related events involving Plaintiff on September 3, 2024, near North Montgomery Street and Academy Street in Trenton, New Jersey.

***"Plaintiff"*** means JEROME R. WHITE.

***"Vehicle"*** means Plaintiff's modified 2006 Chrysler van.

***"State Defendants"*** means the STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI, and each member, employee, agent, supervisor, K-9 handler, dispatcher, or other person acting on behalf of the New Jersey State Police in connection with the Incident.

***"Identify"*** when used with respect to a person, means state the person's full name, rank or title, badge number, employer, present or last-known business address, and role in the Incident.

***"Identify"*** when used with respect to a document or electronically stored information, means state its title or description, date, author or creator, recipient if applicable, custodian, Bates range if produced, and present location.

### SUPPLEMENTAL INTERROGATORY NO. 1

Identify every New Jersey State Police member, employee, K-9 handler, supervisor, dispatcher, or other person who was present at, responded to, monitored, supervised, participated in, or communicated concerning the Incident, and state that person's role.

### SUPPLEMENTAL INTERROGATORY NO. 2

State the complete factual basis for the initial motor-vehicle stop of Plaintiff, including the specific observed conduct, traffic offense, criminal offense, investigative information, dispatch information, or other circumstance that Defendant contends justified the stop.

### SUPPLEMENTAL INTERROGATORY NO. 3

State the complete factual basis for Defendant, KOWALSKI's direction that Plaintiff exit the Vehicle, including the time the direction was given, the purpose of the direction, and all information known to Defendant, KOWALSKI, concerning Plaintiff's ability or inability to exit the Vehicle independently at that time.

### SUPPLEMENTAL INTERROGATORY NO. 4

State all facts supporting any contention that Defendant, KOWALSKI, or any other State Defendant, did not know before Plaintiff began falling that Plaintiff was paralyzed, could not walk, or could not independently exit the Vehicle.

### SUPPLEMENTAL INTERROGATORY NO. 5

Describe every action taken by any State Defendant before Plaintiff began falling to determine whether Plaintiff required assistance to safely exit the Vehicle or to arrange such assistance.

STARK & STARK

**SUPPLEMENTAL INTERROGATORY NO. 6**

Describe in detail the physical contact between Plaintiff and each State Defendant from the time Plaintiff began attempting to exit the Vehicle through the time Plaintiff was placed in the rear passenger area of the Vehicle, including the identity of each person involved and the manner in which that person contacted, held, supported, moved, or attempted to move Plaintiff.

**SUPPLEMENTAL INTERROGATORY NO. 7**

State the complete factual basis for the deployment of the State Police K-9, including the time the decision was made, the identity of the person who made or approved the decision, and the facts known at that time that Defendant contends justified the K-9 deployment.

**SUPPLEMENTAL INTERROGATORY NO. 8**

State the complete factual basis for Defendant's contention that the K-9 positively alerted to the odor of a controlled dangerous substance in or about Plaintiff's Vehicle, including the K-9's identity, handler, certification status on September 3, 2024, and the specific behavior interpreted as an alert.

**SUPPLEMENTAL INTERROGATORY NO. 9**

State the complete factual basis for Plaintiff's arrest, including the specific offense or offenses for which Plaintiff was arrested, the identity of the person who decided to arrest Plaintiff, the time of that decision, and all facts Defendant contends established probable cause.

**SUPPLEMENTAL INTERROGATORY NO. 10**

State whether any contraband, weapon, controlled dangerous substance, paraphernalia, currency, document, electronic device, or other evidence was recovered from Plaintiff, Plaintiff's Vehicle, or any location searched as a result of the Incident, and identify each item recovered and the ultimate disposition of any criminal charge, summons, complaint, or investigation arising from the Incident.

STARK & STARK

## SUPPLEMENTAL INTERROGATORIES TO DEFENDANTS, CITY OF TRENTON AND JOHN DOE TRENTON POLICE OFFICERS 1-10

**INSTRUCTIONS — DEFINITIONS**

***Use the following defined terms when answering these Supplemental Interrogatories.***

***"Identify"*** when used with respect to a document or electronically stored information, means state its title or description, date, author or creator, recipient if applicable, custodian, Bates range if produced, and present location.

***"Incident"*** means the motor-vehicle stop, detention, attempted removal, K-9 deployment, arrest, and related events involving Plaintiff on September 3, 2024, near North Montgomery Street and Academy Street in Trenton, New Jersey.

***"Plaintiff"*** means JEROME R. WHITE.

***"Vehicle"*** means Plaintiff's modified 2006 Chrysler van.

***"Trenton Defendants"*** means the CITY OF TRENTON, the Trenton Police Department, and every Trenton police officer, supervisor, dispatcher, employee, or agent who responded to, was present for, participated in, supervised, or communicated concerning the Incident.

***"Identify"*** when used with respect to a person, means state the person's full name, rank or title, badge number, employer, present or last-known business address, and role in the Incident.

**SUPPLEMENTAL INTERROGATORY NO. 1**

Identify every Trenton police officer, supervisor, dispatcher, employee, or agent who was present at, responded to, monitored, supervised, participated in, or communicated concerning the Incident, and state that person's role.

**SUPPLEMENTAL INTERROGATORY NO. 2**

State the time each Trenton police officer arrived at and departed from the Incident scene, and identify the location at the scene where each officer was positioned during Plaintiff's attempted exit from the Vehicle.

**SUPPLEMENTAL INTERROGATORY NO. 3**

Describe every act or omission by each Trenton police officer in connection with Plaintiff's attempted exit from the Vehicle, Plaintiff's fall, any physical contact with Plaintiff, Plaintiff's movement within or from the Vehicle, and Plaintiff's arrest or detention.

**SUPPLEMENTAL INTERROGATORY NO. 4**

State all facts known to any Trenton police officer during the Incident concerning Plaintiff's paralysis, inability to walk, inability to independently exit the Vehicle, use of adaptive hand controls, or need for assistance.

**SUPPLEMENTAL INTERROGATORY NO. 5**

State whether any Trenton police officer heard Plaintiff state that he could not exit the Vehicle, heard any person state that Plaintiff was paralyzed or could not walk, or personally observed Plaintiff begin sliding or falling from the driver's seat.

STARK &STARK

MER-L-002097-26 09/02/2026 5:51:53 PM Pg 34 of 34 Trans ID: LCV20262338869

**SUPPLEMENTAL INTERROGATORY NO. 6**

Describe every communication between any Trenton police officer and any New Jersey State Police member concerning Plaintiff's physical condition, his removal from the Vehicle, the need for assistance, the K-9 deployment, the alleged K-9 alert, or Plaintiff's arrest.

**SUPPLEMENTAL INTERROGATORY NO. 7**

State whether any Trenton police officer made physical contact with Plaintiff at any time during the Incident and, if so, identify the officer and describe the contact.

**SUPPLEMENTAL INTERROGATORY NO. 8**

State whether any Trenton police officer activated, wore, possessed, reviewed, downloaded, preserved, or had access to body-worn-camera, dashboard-camera, station-house-camera, cell-phone, radio, CAD, MDT, AVL/GPS, dispatch, or other electronic evidence concerning the Incident, and identify the evidence.

**SUPPLEMENTAL INTERROGATORY NO. 9**

State the factual basis for the Trenton Police Department record describing Trenton's role as "assisting state police on car stop," including the identity of the person who created or approved that description and a description of the assistance actually provided.

**SUPPLEMENTAL INTERROGATORY NO. 10**

State whether Defendant, CITY OF TRENTON, contends that any Trenton police officer had no involvement in Plaintiff's attempted exit, fall, injury, detention, arrest, or removal from the Vehicle; if so, identify each such officer and state the factual basis for that contention.

STARK & STARK



4924-5651-2461, v. 2

# EXHIBIT B

EXHIBIT B

**STARK & STARK, P.C.**
401 Route 73 North, Suite 130
Marlton, NJ 08053-3425
(856) 874-4443
**Deborah S. Dunn, Esq., Attorney ID: 04000-2001**
**Attorneys for Plaintiff, JEROME R. WHITE**

| | |
|---|---|
| JEROME R. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY; NEW JERSEY STATE POLICE; TROOPER ADAM KOWALSKI, Badge No. 8192; CITY OF TRENTON; JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10 (fictitious designations); JOHN DOE TRENTON POLICE OFFICERS 1-10 (fictitious designations); and JOHN DOE ENTITIES 1-10 (fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>Docket No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**DEMAND FOR DISCOVERY** |

Plaintiff, JEROME R. WHITE, by way of Complaint, states and alleges:

## PRELIMINARY STATEMENT

1. This action arises from a September 3, 2024, motor vehicle stop and law-enforcement encounter in the City of Trenton, Mercer County, New Jersey.

2. On the aforesaid date, Plaintiff, JEROME R. WHITE, a man paralyzed from approximately the chest down, who operates a modified motor vehicle equipped with adaptive hand controls, was stopped by Defendant, NEW JERSEY STATE POLICE.

3. During the stop, Defendant, TROOPER ADAM KOWALSKI, Badge No. 8192, was expressly advised that Plaintiff could not exit the vehicle and specifically confirmed that Plaintiff was paralyzed.

STARK & STARK

4. Defendant, TROOPER ADAM KOWALSKI, nevertheless directed Plaintiff to exit the vehicle without providing reasonably necessary assistance in light of his known physical limitations.

5. Plaintiff complied with the direction given by Defendant, TROOPER ADAM KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

6. Plaintiff was placed in handcuffs before Trenton Emergency Medical Services transported him to Capital Health Regional Medical Center for evaluation of injuries arising from the incident.

7. Plaintiff was ultimately released without being charged with any criminal offense arising from the September 3, 2024, encounter.

8. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

9. The causes of action asserted in this Complaint include: (a) violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; (b) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; (c) violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.; (d) negligence and/or recklessness under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.; (e) unreasonable and excessive force under 42 U.S.C. § 1983; (f) unreasonable seizure and detention under 42 U.S.C. § 1983; and (g) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq.

STARK & STARK

10. Plaintiff seeks to recover compensatory damages, including damages for physical injury, pain and suffering, psychological and emotional injury, medical expenses and other economic and non-economic losses, together with attorneys' fees, costs, interest, punitive damages where permitted by law and such other relief as the Court deems just and equitable.

## PARTIES

11. Plaintiff, JEROME R. WHITE ("Plaintiff"), was, at all relevant times, a resident of Trenton, Mercer County, New Jersey.

12. Defendant, STATE OF NEW JERSEY ("STATE"), is a sovereign state and public entity organized and existing under the laws of the State of New Jersey.

13. Defendant, NEW JERSEY STATE POLICE ("STATE POLICE"), is an arm of Defendant, STATE, and is the police force responsible for enforcing the laws of the State.

14. Defendant, TROOPER ADAM KOWALSKI, Badge No. 8192 ("KOWALSKI"), was, at all relevant times, employed as a State Trooper by Defendant, STATE POLICE, and was acting in the course and scope of that employment during the events alleged herein.

15. Defendant, CITY OF TRENTON ("TRENTON"), is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey and is authorized under those laws to maintain a municipal police force known as the Trenton Police Department.

16. Defendants, JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, JOHN DOE TRENTON POLICE OFFICERS 1-10 and JOHN DOE ENTITIES 1-10, are fictitious designations for presently unidentified persons and/or entities whose identities and involvement in the events alleged herein are presently unknown. Plaintiff will amend this Complaint to identify those Defendants as their identities and involvement are established through discovery.

STARK & STARK

17. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were, at all relevant times, employees and/or agents of Defendant, STATE and/or Defendant, STATE POLICE.

18. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were, at all relevant times, employees and/or agents of Defendant, TRENTON.

19. At all relevant times, the individual Defendants acted in the course and scope of their respective employment and under the authority vested in them as law enforcement officers and employees of their respective public entities.

20. Defendants, STATE, STATE POLICE and TRENTON, are public entities within the meaning of applicable New Jersey law and are alleged to be responsible for the acts and omissions of their respective employees and agents to the extent provided by applicable law.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over this action pursuant to the New Jersey Constitution and applicable law. This Court has concurrent jurisdiction over Plaintiff's claims arising under federal law, including 29 U.S.C. § 794, 42 U.S.C. § 12132 and 42 U.S.C. § 1983.

22. Venue is proper in Mercer County pursuant to Rule 4:3-2 because the claims against Defendants, which are public entities, arose from the September 3, 2024, motor-vehicle stop and related law-enforcement encounter in the City of Trenton, Mercer County, New Jersey.

23. The claims asserted herein arise from the same September 3, 2024, motor vehicle stop, detention, arrest and related law-enforcement encounter and form part of the same case or controversy.

## FACTUAL ALLEGATIONS

24. On September 3, 2024, Plaintiff, JEROME R. WHITE, was operating his modified 2006 Chrysler van near North Montgomery Street and Academy Street in the City of Trenton, County of Mercer and State of New Jersey.

25. Plaintiff is paralyzed from approximately the chest down and operates his vehicle through adaptive hand controls that enable him to control the brake and accelerator.

26. At approximately 3:12 p.m., Defendant, TROOPER ADAM KOWALSKI, Badge No. 8192, initiated a motor vehicle stop of Plaintiff and approached the driver's side of the van.

27. As Defendant, KOWALSKI, approached Plaintiff's vehicle, Plaintiff opened the driver's side door. The interior of the van, including the adaptive equipment utilized by Plaintiff to operate the brake and accelerator, was visible to Defendant, KOWALSKI.

28. By this time, several other members of Defendant, STATE POLICE, were present at the scene. Plaintiff remained seated in the driver's seat of his van.

29. Defendant, KOWALSKI, directed Plaintiff, "Hop outta the car." Plaintiff responded, "I can't get outta the car."

30. Defendant, KOWALSKI, then specifically asked Plaintiff whether he was paralyzed. Plaintiff confirmed that he was.

31. After that exchange and further interaction, Defendant, KOWALSKI, directed Plaintiff to exit the vehicle, stating, "So, yeah, get out."

32. Plaintiff complied with Defendant, KOWALSKI's, direction, and was caused to fall to the ground from the driver's seat, sustaining injury.

33. Upon information and belief, Defendant, KOWALSKI, and another unknown State Trooper made contact with Plaintiff in connection with their instruction to exit the vehicle.

STARK & STARK

34. A body-worn camera worn by another responding State Trooper contemporaneously recorded Plaintiff's son, Jerome Edwards, Jr., advising the members of Defendant, STATE POLICE, that Plaintiff could not walk.

35. Plaintiff was placed in handcuffs before Trenton Emergency Medical Services transported him to Capital Health Regional Medical Center for evaluation of injuries arising from the incident.

36. At Capital Health Regional Medical Center, Plaintiff complained of upper, mid and lower back pain. Plaintiff was evaluated, medically cleared and discharged.

37. Records obtained from Defendant, CITY OF TRENTON, characterize the involvement of Trenton personnel in the September 3, 2024, encounter as "assisting state police on car stop."

38. The identities and precise involvement of Defendants, JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, JOHN DOE TRENTON POLICE OFFICERS 1-10 and JOHN DOE ENTITIES 1-10, are presently unknown to Plaintiff and will be ascertained through discovery.

## NOTICE OF CLAIM

39. Plaintiff timely served written Notices of Tort Claim arising from the September 3, 2024, incident upon the State of New Jersey/New Jersey State Police and the City of Trenton.

40. The State of New Jersey assigned Plaintiff's claim State Risk Claim No. RC24-0001602, and the City of Trenton assigned Plaintiff's claim City Claim No. 309-17870.

41. More than six months have elapsed since service of Plaintiff's Notices of Claim, and the claims asserted herein remain unresolved.

STARK & STARK

## COUNT I

### SECTION 504 OF THE REHABILITATION ACT OF 1973 [29 U.S.C. § 794] AGAINST DEFENDANT, NEW JERSEY STATE POLICE

42. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

43. Plaintiff is an otherwise qualified individual with a disability within the meaning of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff is paralyzed from approximately the chest down and is substantially limited in his ability to walk and perform major life activities involving lower-extremity mobility.

44. At all times relevant hereto, Defendant, NEW JERSEY STATE POLICE, received federal financial assistance within the meaning of § 504 of the Rehabilitation Act, including federal financial assistance used in connection with the programs and activities of Defendant, NEW JERSEY STATE POLICE.

45. During the September 3, 2024, motor vehicle stop and investigation, Plaintiff was subject to the law-enforcement programs and activities of Defendant, NEW JERSEY STATE POLICE.

46. Before Plaintiff attempted to exit his vehicle, Defendant, KOWALSKI, knew that Plaintiff was paralyzed and unable to independently exit the vehicle. Plaintiff expressly advised Defendant, KOWALSKI, that he could not get out of the vehicle. Defendant, KOWALSKI, confirmed that Plaintiff was paralyzed, and the adaptive hand controls were visible within Plaintiff's vehicle.

47. Despite his knowledge of Plaintiff's disability and resulting physical limitation, Defendant, KOWALSKI, continued to direct Plaintiff to exit the vehicle without first determining what assistance Plaintiff required to safely do so.

STARK & STARK



4924-5651-2461, v. 2

48. Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

49. Defendant, NEW JERSEY STATE POLICE, denied Plaintiff a reasonable accommodation for his known disability by failing to modify the manner in which Plaintiff was required to exit the vehicle and by failing to determine and arrange the assistance necessary for Plaintiff to do so safely before requiring him to attempt to exit.

50. By failing to make a reasonable modification to the manner in which Plaintiff was required to exit the vehicle, despite actual knowledge of his paralysis and inability to transfer independently, Defendant, NEW JERSEY STATE POLICE, denied Plaintiff meaningful and equal access to its federally funded law-enforcement programs and activities solely by reason of his disability, in violation of Section 504 of the Rehabilitation Act.

51. Defendant, NEW JERSEY STATE POLICE, had actual knowledge of Plaintiff's disability and the substantial likelihood that requiring Plaintiff to attempt to exit the vehicle without first determining and providing necessary assistance would violate Plaintiff's federally protected rights, yet failed to act upon that knowledge.

52. As a direct and proximate result of the unlawful conduct of Defendant, NEW JERSEY STATE POLICE, Plaintiff sustained physical injury, pain and suffering, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendant, NEW JERSEY STATE POLICE, for compensatory damages to the extent permitted by law, reasonable attorneys' fees and costs, interest and such other relief as the Court deems just and equitable.

STARK &STARK

## COUNT II

**TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
**[42 U.S.C. § 12132]**
**AGAINST DEFENDANTS, NEW JERSEY**
**STATE POLICE AND CITY OF TRENTON**

53. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

54. Plaintiff is a qualified individual with a disability within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. Plaintiff is paralyzed from approximately the chest down and is substantially limited in his ability to walk and perform major life activities involving lower-extremity mobility.

55. Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, are public entities within the meaning of 42 U.S.C. § 12131.

56. During the September 3, 2024, motor vehicle stop and investigation, Plaintiff was subject to the law-enforcement services, programs and activities of Defendant, NEW JERSEY STATE POLICE.

57. Records obtained from Defendant, CITY OF TRENTON, characterize the involvement of Trenton personnel in the September 3, 2024, encounter as "assisting state police on car stop." The identities and precise involvement of those Trenton personnel are presently unknown to Plaintiff and will be ascertained through discovery.

58. Before Plaintiff attempted to exit his vehicle, Defendant, KOWALSKI, knew that Plaintiff was paralyzed and unable to independently exit the vehicle. Plaintiff expressly advised Defendant, KOWALSKI, that he could not get out of the vehicle. Defendant, KOWALSKI, confirmed that Plaintiff was paralyzed, and the adaptive hand controls were visible within Plaintiff's vehicle.

STARK & STARK

59. Despite his knowledge of Plaintiff's disability and resulting physical limitation, Defendant, KOWALSKI, continued to direct Plaintiff to exit the vehicle without first determining what assistance Plaintiff required to safely do so.

60. Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

61. Upon information and belief, Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, failed to make a reasonable modification to the manner in which Plaintiff was required to exit the vehicle by failing to determine and arrange the assistance necessary for Plaintiff to do so safely before requiring him to attempt to exit.

62. By failing to reasonably modify the vehicle-exit procedure to accommodate Plaintiff's paralysis and inability to transfer independently, Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, denied Plaintiff meaningful and equal access to their law-enforcement services, programs and activities by reason of his disability, in violation of Title II of the Americans with Disabilities Act.

63. Defendant, NEW JERSEY STATE POLICE, had actual knowledge of Plaintiff's disability and the substantial likelihood that requiring Plaintiff to attempt to exit the vehicle without first determining and providing necessary assistance would violate Plaintiff's federally protected rights, yet failed to act upon that knowledge.

64. As a direct and proximate result of the unlawful conduct of Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, Plaintiff sustained physical injury, pain and suffering, medical expenses and other compensable damages.

STARK & STARK

MER-L-002037-26 09/02/2026 3:51:53 PM Pg 11 of 34 Trans ID: LCV20262338865

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, NEW JERSEY STATE POLICE and CITY OF TRENTON, for compensatory damages to the extent permitted by law, reasonable attorneys' fees and costs, interest and such other relief as the Court deems just and equitable.

## COUNT III

### THE NEW JERSEY LAW AGAINST DISCRIMINATION [N.J.S.A. 10:5-1 ET SEQ.] AGAINST DEFENDANTS, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI AND JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10

65. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

66. At all times material hereto, Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, provided governmental law-enforcement services to the public, and Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were acting as State Troopers in providing those services.

67. Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, in furnishing law-enforcement services to Plaintiff, were subject to the public-accommodation protections of the New Jersey Law Against Discrimination.

68. Plaintiff is a person with a disability within the meaning of the New Jersey Law Against Discrimination. Plaintiff is paralyzed from approximately the chest down and cannot walk or perform major life activities involving lower-extremity mobility.

STARK & STARK

69. The New Jersey Law Against Discrimination recognizes as a civil right the opportunity of all persons to obtain the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination because of disability. N.J.S.A. 10:5-4. It further prohibits an owner, proprietor, agent or employee of a place of public accommodation from refusing, withholding, denying or discriminating in the furnishing of such accommodations, advantages, facilities or privileges because of disability. N.J.S.A. 10:5-12(f)(1).

70. Places of public accommodation are required to make reasonable accommodations to the limitations of a person with a disability, including reasonable modifications to policies, practices or procedures where necessary to afford the person the goods, services, facilities, privileges, advantages or accommodations being furnished, unless the accommodation would impose an undue burden. N.J.A.C. 13:13-4.11.

71. Before Plaintiff attempted to exit the van, Defendant, KOWALSKI, had actual knowledge that Plaintiff could not independently exit the vehicle and had specifically confirmed that Plaintiff was paralyzed. The adaptive hand controls used by Plaintiff to operate the van were visible to Defendant, KOWALSKI.

72. Despite that knowledge, Defendant, KOWALSKI, continued to direct Plaintiff to exit the van without first determining what assistance Plaintiff required or arranging assistance appropriate to Plaintiff's known physical limitations.

73. Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

74. Reasonable accommodation of Plaintiff's disability included determining what assistance Plaintiff required to exit the vehicle and arranging such assistance before requiring him to attempt to exit.

STARK &STARK

75. In providing governmental law-enforcement services to Plaintiff, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, failed to adapt the vehicle-exit procedure to Plaintiff's known paralysis and inability to transfer independently, thereby denying him equal access to the services, advantages and accommodations furnished to members of the public because of his disability, in violation of the New Jersey Law Against Discrimination.

76. As a direct and proximate result of the unlawful discriminatory conduct of Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative as permitted by law, for compensatory damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and equitable.

## COUNT IV

**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**[N.J.S.A. 10:5-1 ET SEQ.]**
**AGAINST DEFENDANTS, CITY OF TRENTON AND**
**JOHN DOE TRENTON POLICE OFFICERS 1-10**

STARK & STARK

77. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

78. At all times material hereto, Defendant, CITY OF TRENTON, provided governmental law-enforcement services to members of the public, and Defendants, JOHN DOE

TRENTON POLICE OFFICERS 1-10, were acting as police officers in the provision of those services.

79. Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, in furnishing law-enforcement services to Plaintiff, were subject to the public-accommodation protections of the New Jersey Law Against Discrimination.

80. Plaintiff is a person with a disability within the meaning of the New Jersey Law Against Discrimination. Plaintiff is paralyzed from approximately the chest down and cannot walk or perform major life activities involving lower-extremity mobility.

81. The New Jersey Law Against Discrimination recognizes as a civil right the opportunity of all persons to obtain the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination because of disability. N.J.S.A. 10:5-4. It further prohibits an owner, proprietor, agent or employee of a place of public accommodation from refusing, withholding, denying or discriminating in the furnishing of such accommodations, advantages, facilities or privileges because of disability. N.J.S.A. 10:5-12(f)(1).

82. Places of public accommodation are required to make reasonable accommodations to the limitations of a person with a disability, including reasonable modifications to policies, practices or procedures where necessary to afford the person the goods, services, facilities, privileges, advantages or accommodations being furnished, unless the accommodation would impose an undue burden. N.J.A.C. 13:13-4.11.

83. Records obtained from the Trenton Police Department characterize the involvement of Trenton Police in the September 3, 2024, encounter as "assisting state police on car stop."

84. The identities and precise involvement of JOHN DOE TRENTON POLICE OFFICERS 1-10 are presently unknown to Plaintiff and will be ascertained through discovery.

STARK
&STARK

85. Upon information and belief, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting within the course and scope of their employment with Defendant, CITY OF TRENTON, responded to and assisted the New Jersey State Police during the subject motor-vehicle stop.

86. Reasonable accommodation of Plaintiff's disability included determining what assistance Plaintiff required to exit the vehicle and arranging such assistance before requiring him to attempt to exit.

87. Upon information and belief, in providing law-enforcement services and assistance during the subject motor-vehicle stop, Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, failed to reasonably accommodate Plaintiff's known disability and inability to transfer independently, thereby denying him equal access to the services, advantages and accommodations furnished to members of the public because of his disability, in violation of the New Jersey Law Against Discrimination.

88. As a direct and proximate result of the unlawful discriminatory conduct of Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative as permitted by law, for compensatory damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and equitable.

STARK &STARK

## COUNT V

**NEW JERSEY TORT CLAIMS ACT**
**NEGLIGENCE AND/OR RECKLESSNESS**
**[N.J.S.A. 59:1-1 ET SEQ.]**
**AGAINST DEFENDANTS, STATE OF NEW JERSEY,**
**NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI, AND**
**JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10**

89. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

90. At all times material hereto, Defendant, TROOPER ADAM KOWALSKI, was a member, agent, servant and/or employee of Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, and was acting within the course and scope of his employment and law-enforcement duties.

91. At all times material hereto, Defendants, JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were members, agents, servants and/or employees of Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, and were acting within the course and scope of their employment and law-enforcement duties.

92. At the aforesaid time and place, Defendant, KOWALSKI, knew that Plaintiff was paralyzed and had been expressly advised by Plaintiff that he could not independently exit the vehicle. Defendant, KOWALSKI, specifically confirmed that Plaintiff was paralyzed, and the adaptive equipment utilized by Plaintiff to operate the vehicle was visible to Defendant, KOWALSKI.

93. Despite his actual knowledge of Plaintiff's paralysis and inability to independently exit the vehicle, Defendant, KOWALSKI, continued to direct Plaintiff to exit the van without first determining what assistance was reasonably necessary for Plaintiff to do so in light of his known physical limitations.

STARK & STARK

94. At all times material hereto, Defendant, KOWALSKI, was negligent and/or reckless in directing Plaintiff to attempt to exit the vehicle despite actual knowledge that Plaintiff was paralyzed and unable to independently exit; failing to account for Plaintiff's known physical limitations before directing him to attempt the exit; failing to determine what assistance Plaintiff required before directing him to attempt to exit; failing to provide or arrange appropriate assistance before requiring Plaintiff to attempt the exit; and otherwise failing to exercise reasonable care under the circumstances.

95. As a direct and proximate result of the negligent and/or reckless conduct of Defendant, KOWALSKI, as aforesaid, Plaintiff complied with the direction given by Defendant, KOWALSKI, and was caused to fall to the ground from the driver's seat, sustaining injury.

96. At all times material hereto, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were acting as agents, servants and/or employees of Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE. Defendants, STATE OF NEW JERSEY and NEW JERSEY STATE POLICE, are therefore liable, to the extent provided by the New Jersey Tort Claims Act, including N.J.S.A. 59:2-2, for injuries proximately caused by the acts and omissions of their public employees committed within the scope of their employment.

97. As a direct and proximate result of the negligent and/or reckless conduct of Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

STARK & STARK

MER-L-002097-26 09/02/2026 3:31:33 PM Pg 18 of 34 Trans ID: LCV20262338869

98. Plaintiff sustained permanent loss of a bodily function and incurred medical treatment expenses in excess of $3,600.00.

99. Plaintiff timely served written Notices of Tort Claim arising from the September 3, 2024, occurrence upon Defendants, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE and the CITY OF TRENTON, and more than six months elapsed following service of said Notices before commencement of this action.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, TROOPER ADAM KOWALSKI, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE and/or JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally, or in the alternative, for compensatory damages to the extent permitted by law, costs of suit, interest, and such other relief as the Court deems equitable and just.

## COUNT VI

**NEW JERSEY TORT CLAIMS ACT**
**NEGLIGENCE AND/OR RECKLESSNESS**
**[N.J.S.A. 59:1-1 ET SEQ.]**
**AGAINST DEFENDANTS, CITY OF TRENTON AND**
**JOHN DOE TRENTON POLICE OFFICERS 1-10**

100. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

101. At all times material hereto, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were members, agents, servants and/or employees of Defendant, CITY OF TRENTON, and were acting within the course and scope of their employment and law-enforcement duties.

102. Upon information and belief, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting within the course and scope of their employment with Defendant, CITY OF TRENTON, responded to and assisted Defendant, STATE POLICE, during the subject motor-vehicle stop.

STARK &STARK

103. JOHN DOE TRENTON POLICE OFFICERS 1-10 owed Plaintiff a duty to exercise reasonable care in their participation in and assistance with the subject motor-vehicle stop, detention and related events described herein.

104. Upon information and belief, JOHN DOE TRENTON POLICE OFFICERS 1-10 failed to exercise reasonable care in connection with the conduct alleged herein, breached their duties to Plaintiff and were negligent and/or reckless under the circumstances.

105. At all times material hereto, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were acting as agents, servants and/or employees of Defendant, CITY OF TRENTON. Defendant, CITY OF TRENTON, is therefore liable, to the extent provided by the New Jersey Tort Claims Act, including N.J.S.A. 59:2-2, for injuries proximately caused by the acts and omissions of its public employees committed within the scope of their employment.

106. As a direct and proximate result of the negligent and/or reckless conduct of Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

107. Plaintiff sustained permanent loss of a bodily function and incurred medical treatment expenses in excess of $3,600.00.

108. Plaintiff timely served a written Notice of Tort Claim arising from the September 3, 2024, occurrence upon Defendant, CITY OF TRENTON, and more than six months elapsed following service of said Notice before commencement of this action.

STARK & STARK

**WHEREFORE,** Plaintiff JEROME R. WHITE demands judgment against Defendants, CITY OF TRENTON and JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages to the extent permitted by law, costs of suit, interest and such other relief as the Court deems equitable and just.

## COUNT VII

### UNREASONABLE AND EXCESSIVE FORCE
### [42 U.S.C. § 1983]
### AGAINST DEFENDANTS, TROOPER ADAM KOWALSKI AND JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10

109. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

110. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, used force against Plaintiff that was objectively unreasonable under the circumstances, including their knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

111. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

112. At all relevant times, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were acting under color of state law and within the course and scope of their duties as members of the New Jersey State Police.

113. The force used against Plaintiff was objectively unreasonable under the circumstances, including Defendants' knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

STARK & STARK

114. By their conduct, Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, deprived Plaintiff of his right to be free from excessive and unreasonable force under the Fourth Amendment to the United States Constitution.

115. Defendants, KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, who observed the unlawful and unreasonable use of force, had a reasonable opportunity to prevent it, but failed to intervene.

116. In all the foregoing, Defendants acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

117. As a direct and proximate result of the unlawful and unreasonable conduct of Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff JEROME R. WHITE demands judgment against Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

## COUNT VIII

### UNREASONABLE AND EXCESSIVE FORCE
### [42 U.S.C. § 1983]
### AGAINST DEFENDANTS, JOHN DOE TRENTON POLICE OFFICERS 1-10

118. Plaintiff repeats each and every preceding paragraph of this Complaint in their entirety and incorporates same by reference.

STARK & STARK



4924-5651-2461, v. 2

MER-L-002097-26 09/02/2026 5:31:53 PM Pg 22 of 34 Trans ID: LCV20262338869

119. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, used force against Plaintiff that was objectively unreasonable under the circumstances, including their knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

120. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

121. At all relevant times, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were acting under color of state law and within the course and scope of their duties as members of the Trenton Police Department.

122. The force used against Plaintiff was objectively unreasonable under the circumstances, including Defendants' knowledge that Plaintiff was paralyzed and unable to independently exit the vehicle.

123. By their conduct, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, deprived Plaintiff of his right to be free from excessive and unreasonable force under the Fourth Amendment to the United States Constitution.

124. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, who observed the unlawful and unreasonable use of force, had a reasonable opportunity to prevent it, but failed to intervene.

125. In all the foregoing, Defendants acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

126. As a direct and proximate result of the unlawful and unreasonable conduct of Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

STARK &STARK

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

## COUNT IX

### UNREASONABLE SEIZURE AND DETENTION [42 U.S.C. § 1983] AGAINST DEFENDANTS, TROOPER ADAM KOWALSKI AND JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10

127. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

128. Upon information and belief, and in the alternative, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, continued to seize and detain Plaintiff beyond the lawful scope and duration of the motor vehicle stop without reasonable, articulable suspicion or probable cause. The factual basis asserted by Defendants for Plaintiff's continued detention is presently within Defendants' exclusive possession and control.

129. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, caused and/or directed the continued seizure and detention of Plaintiff under the circumstances described herein.

130. To the extent Plaintiff's continued seizure and detention were unsupported by reasonable, articulable suspicion or probable cause, such seizure and detention were unreasonable under the Fourth Amendment to the United States Constitution.

STARK & STARK

131. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, are liable for their failure to intervene to stop the unlawful seizure and detention of Plaintiff to the extent they knew of the unlawful detention and had a reasonable opportunity to intervene.

132. By continuing to seize and detain Plaintiff without reasonable suspicion or probable cause, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution.

133. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, violated clearly established law. Under the circumstances present, no reasonable officer could have believed that it was lawful to seize and continue to detain Plaintiff without reasonable, articulable suspicion or probable cause.

134. In all the foregoing, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

135. As a direct and proximate result of the unlawful seizure and detention by Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

STARK &STARK

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

## COUNT X

### UNREASONABLE SEIZURE AND DETENTION
### [42 U.S.C. § 1983]
### AGAINST DEFENDANTS, JOHN DOE TRENTON POLICE OFFICERS 1-10

136. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

137. Upon information and belief, and in the alternative, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, continued to seize and detain Plaintiff beyond the lawful scope and duration of the motor vehicle stop without reasonable, articulable suspicion or probable cause. The factual basis asserted by Defendants for Plaintiff's continued detention is presently within Defendants' exclusive possession and control.

138. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, caused and/or directed the continued seizure and detention of Plaintiff under the circumstances described herein.

139. To the extent Plaintiff's continued seizure and detention were unsupported by reasonable, articulable suspicion or probable cause, such seizure and detention were unreasonable under the Fourth Amendment to the United States Constitution.

140. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, are liable for their failure to intervene to stop the unlawful seizure and detention of Plaintiff to the extent they knew of the unlawful detention and had a reasonable opportunity to intervene.

STARK
&STARK

141. By continuing to seize and detain Plaintiff without reasonable suspicion or probable cause, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution.

142. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, violated clearly established law. Under the circumstances present, no reasonable officer could have believed that it was lawful to seize and continue to detain Plaintiff without reasonable, articulable suspicion or probable cause.

143. In all the foregoing, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acted with reckless, callous and deliberate indifference to Plaintiff's constitutionally protected rights.

144. As a direct and proximate result of the unlawful seizure and detention by Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, interest and such other relief as the Court deems just and equitable.

STARK & STARK



4924-5651-2461, v. 2

## COUNT XI

**THE NEW JERSEY CIVIL RIGHTS ACT**
**[N.J.S.A. 10:6-1 ET SEQ.]**
**AGAINST DEFENDANTS, TROOPER ADAM KOWALSKI AND**
**JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10**

145. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

146. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, under color of statute, ordinance, regulation, custom and usage, deprived and caused Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the New Jersey Constitution and the laws of the State of New Jersey, including his right to liberty, his right to be secure against unreasonable searches and seizures, his right to be free from unlawful seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

147. Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acting under color of law, knowingly and recklessly deprived Plaintiff of his civil rights.

148. The acts of Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, were committed in knowing violation of Plaintiff's legal and constitutional rights.

149. The deprivation of Plaintiff's civil rights by Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, violates the New Jersey Constitution and gives rise to Plaintiff's claim for redress pursuant to N.J.S.A. 10:6-1 et seq.

150. Based upon the foregoing conduct, Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, acting under color of law, deprived and interfered with Plaintiff's exercise and enjoyment of rights guaranteed by the New Jersey Constitution, including his right to be secure against unreasonable seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

151. As a direct and proximate result of the unlawful conduct of Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff, JEROME R. WHITE, demands judgment against Defendants, TROOPER ADAM KOWALSKI and JOHN DOE NEW JERSEY STATE POLICE MEMBERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2(f), interest and such other relief as the Court deems just and equitable.

## COUNT XII

### THE NEW JERSEY CIVIL RIGHTS ACT
### [N.J.S.A. 10:6-1 ET SEQ.]
### AGAINST DEFENDANTS, JOHN DOE TRENTON POLICE OFFICERS 1-10

152. Plaintiff, JEROME R. WHITE, repeats and realleges the foregoing paragraphs of the Complaint as if fully set forth herein.

153. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, under color of statute, ordinance, regulation, custom and usage, deprived and caused Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the New Jersey Constitution and the laws of the State of New Jersey, including his right to liberty, his right to be secure against unreasonable searches and seizures, his right to be free from unlawful seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

STARK & STARK

154. Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting under color of law, knowingly and recklessly deprived Plaintiff of his civil rights.

155. The acts of Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, were committed in knowing violation of Plaintiff's legal and constitutional rights.

156. The deprivation of Plaintiff's civil rights by Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, violates the New Jersey Constitution and gives rise to Plaintiff's claim for redress pursuant to N.J.S.A. 10:6-1 et seq.

157. Based upon the foregoing conduct, Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, acting under color of law, deprived and interfered with Plaintiff's exercise and enjoyment of rights guaranteed by the New Jersey Constitution, including his right to be secure against unreasonable seizure and detention, his right to be free from false arrest and his right to be free from unreasonable and excessive force.

158. As a direct and proximate result of the unlawful conduct of Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, Plaintiff sustained physical injury, pain and suffering, psychological and emotional injury, medical expenses and other compensable damages.

**WHEREFORE**, Plaintiff JEROME R. WHITE demands judgment against Defendants, JOHN DOE TRENTON POLICE OFFICERS 1-10, jointly, severally and/or in the alternative, for compensatory damages, punitive damages to the extent permitted by law, reasonable attorneys' fees and costs pursuant to N.J.S.A. 10:6-2(f), interest and such other relief as the Court deems just and equitable.

STARK & STARK
A Professional Corporation
Attorneys for Plaintiff

Dated: 9/2/2026

By: DEBORAH S. DUNN



4924-5651-2461, v. 2

STARK &STARK

JURY DEMAND

Plaintiff, JEROME R. WHITE, hereby demands a trial by jury as to all issues.

CERTIFICATION OF OTHER ACTIONS/PARTIES

Pursuant to the provisions of Rule 4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

CERTIFICATION OF COMPLIANCE WITH R.1:38-7(c)(1)

Pursuant to Rule 1:38-7(c)(1), all confidential identifiers of the parties to this action have or will be redacted from all documents or pleadings submitted to the Court.

DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that DEBORAH S. DUNN is hereby designated as trial counsel.

DEMAND FOR ANSWERS TO INTERROGATORIES
& SUPPLEMENTAL INTERROGATORIES

Plaintiff, JEROME R. WHITE, demands that ALL DEFENDANTS provide answers to interrogatories as follows:

ALL DEFENDANTS answer FORM C UNIFORM INTERROGATORIES, together with *Plaintiff's Supplemental Interrogatories #1-10*, as set forth below.

STARK & STARK
A Professional Corporation
Attorneys for Plaintiff

STARK & STARK

Dated: 9/2/2026

By: [signature]
DEBORAH S. DUNN



4924-5651-2461, v. 2

## SUPPLEMENTAL INTERROGATORIES TO DEFENDANTS, STATE OF NEW JERSEY, NEW JERSEY STATE POLICE AND TROOPER ADAM KOWALSKI

### INSTRUCTIONS — DEFINITIONS

***Use the following defined terms when answering these Supplemental Interrogatories.***

***"Incident"*** means the motor-vehicle stop, detention, attempted removal, K-9 deployment, arrest, and related events involving Plaintiff on September 3, 2024, near North Montgomery Street and Academy Street in Trenton, New Jersey.

***"Plaintiff"*** means JEROME R. WHITE.

***"Vehicle"*** means Plaintiff's modified 2006 Chrysler van.

***"State Defendants"*** means the STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER ADAM KOWALSKI, and each member, employee, agent, supervisor, K-9 handler, dispatcher, or other person acting on behalf of the New Jersey State Police in connection with the Incident.

***"Identify"*** when used with respect to a person, means state the person's full name, rank or title, badge number, employer, present or last-known business address, and role in the Incident.

***"Identify"*** when used with respect to a document or electronically stored information, means state its title or description, date, author or creator, recipient if applicable, custodian, Bates range if produced, and present location.

### SUPPLEMENTAL INTERROGATORY NO. 1

Identify every New Jersey State Police member, employee, K-9 handler, supervisor, dispatcher, or other person who was present at, responded to, monitored, supervised, participated in, or communicated concerning the Incident, and state that person's role.

### SUPPLEMENTAL INTERROGATORY NO. 2

State the complete factual basis for the initial motor-vehicle stop of Plaintiff, including the specific observed conduct, traffic offense, criminal offense, investigative information, dispatch information, or other circumstance that Defendant contends justified the stop.

### SUPPLEMENTAL INTERROGATORY NO. 3

State the complete factual basis for Defendant, KOWALSKI's direction that Plaintiff exit the Vehicle, including the time the direction was given, the purpose of the direction, and all information known to Defendant, KOWALSKI, concerning Plaintiff's ability or inability to exit the Vehicle independently at that time.

### SUPPLEMENTAL INTERROGATORY NO. 4

State all facts supporting any contention that Defendant, KOWALSKI, or any other State Defendant, did not know before Plaintiff began falling that Plaintiff was paralyzed, could not walk, or could not independently exit the Vehicle.

### SUPPLEMENTAL INTERROGATORY NO. 5

Describe every action taken by any State Defendant before Plaintiff began falling to determine whether Plaintiff required assistance to safely exit the Vehicle or to arrange such assistance.

STARK & STARK

**SUPPLEMENTAL INTERROGATORY NO. 6**

Describe in detail the physical contact between Plaintiff and each State Defendant from the time Plaintiff began attempting to exit the Vehicle through the time Plaintiff was placed in the rear passenger area of the Vehicle, including the identity of each person involved and the manner in which that person contacted, held, supported, moved, or attempted to move Plaintiff.

**SUPPLEMENTAL INTERROGATORY NO. 7**

State the complete factual basis for the deployment of the State Police K-9, including the time the decision was made, the identity of the person who made or approved the decision, and the facts known at that time that Defendant contends justified the K-9 deployment.

**SUPPLEMENTAL INTERROGATORY NO. 8**

State the complete factual basis for Defendant's contention that the K-9 positively alerted to the odor of a controlled dangerous substance in or about Plaintiff's Vehicle, including the K-9's identity, handler, certification status on September 3, 2024, and the specific behavior interpreted as an alert.

**SUPPLEMENTAL INTERROGATORY NO. 9**

State the complete factual basis for Plaintiff's arrest, including the specific offense or offenses for which Plaintiff was arrested, the identity of the person who decided to arrest Plaintiff, the time of that decision, and all facts Defendant contends established probable cause.

**SUPPLEMENTAL INTERROGATORY NO. 10**

State whether any contraband, weapon, controlled dangerous substance, paraphernalia, currency, document, electronic device, or other evidence was recovered from Plaintiff, Plaintiff's Vehicle, or any location searched as a result of the Incident, and identify each item recovered and the ultimate disposition of any criminal charge, summons, complaint, or investigation arising from the Incident.

STARK
&STARK

## SUPPLEMENTAL INTERROGATORIES TO DEFENDANTS, CITY OF TRENTON AND JOHN DOE TRENTON POLICE OFFICERS 1-10

**INSTRUCTIONS — DEFINITIONS**

***Use the following defined terms when answering these Supplemental Interrogatories.***

***"Identify"*** when used with respect to a document or electronically stored information, means state its title or description, date, author or creator, recipient if applicable, custodian, Bates range if produced, and present location.

***"Incident"*** means the motor-vehicle stop, detention, attempted removal, K-9 deployment, arrest, and related events involving Plaintiff on September 3, 2024, near North Montgomery Street and Academy Street in Trenton, New Jersey.

***"Plaintiff"*** means JEROME R. WHITE.

***"Vehicle"*** means Plaintiff's modified 2006 Chrysler van.

***"Trenton Defendants"*** means the CITY OF TRENTON, the Trenton Police Department, and every Trenton police officer, supervisor, dispatcher, employee, or agent who responded to, was present for, participated in, supervised, or communicated concerning the Incident.

***"Identify"*** when used with respect to a person, means state the person's full name, rank or title, badge number, employer, present or last-known business address, and role in the Incident.

**SUPPLEMENTAL INTERROGATORY NO. 1**

Identify every Trenton police officer, supervisor, dispatcher, employee, or agent who was present at, responded to, monitored, supervised, participated in, or communicated concerning the Incident, and state that person's role.

**SUPPLEMENTAL INTERROGATORY NO. 2**

State the time each Trenton police officer arrived at and departed from the Incident scene, and identify the location at the scene where each officer was positioned during Plaintiff's attempted exit from the Vehicle.

**SUPPLEMENTAL INTERROGATORY NO. 3**

Describe every act or omission by each Trenton police officer in connection with Plaintiff's attempted exit from the Vehicle, Plaintiff's fall, any physical contact with Plaintiff, Plaintiff's movement within or from the Vehicle, and Plaintiff's arrest or detention.

**SUPPLEMENTAL INTERROGATORY NO. 4**

State all facts known to any Trenton police officer during the Incident concerning Plaintiff's paralysis, inability to walk, inability to independently exit the Vehicle, use of adaptive hand controls, or need for assistance.

**SUPPLEMENTAL INTERROGATORY NO. 5**

State whether any Trenton police officer heard Plaintiff state that he could not exit the Vehicle, heard any person state that Plaintiff was paralyzed or could not walk, or personally observed Plaintiff begin sliding or falling from the driver's seat.

STARK & STARK

**SUPPLEMENTAL INTERROGATORY NO. 6**

Describe every communication between any Trenton police officer and any New Jersey State Police member concerning Plaintiff's physical condition, his removal from the Vehicle, the need for assistance, the K-9 deployment, the alleged K-9 alert, or Plaintiff's arrest.

**SUPPLEMENTAL INTERROGATORY NO. 7**

State whether any Trenton police officer made physical contact with Plaintiff at any time during the Incident and, if so, identify the officer and describe the contact.

**SUPPLEMENTAL INTERROGATORY NO. 8**

State whether any Trenton police officer activated, wore, possessed, reviewed, downloaded, preserved, or had access to body-worn-camera, dashboard-camera, station-house-camera, cell-phone, radio, CAD, MDT, AVL/GPS, dispatch, or other electronic evidence concerning the Incident, and identify the evidence.

**SUPPLEMENTAL INTERROGATORY NO. 9**

State the factual basis for the Trenton Police Department record describing Trenton's role as "assisting state police on car stop," including the identity of the person who created or approved that description and a description of the assistance actually provided.

**SUPPLEMENTAL INTERROGATORY NO. 10**

State whether Defendant, CITY OF TRENTON, contends that any Trenton police officer had no involvement in Plaintiff's attempted exit, fall, injury, detention, arrest, or removal from the Vehicle; if so, identify each such officer and state the factual basis for that contention.

STARK & STARK

MER-L-002097-26 09/02/2026 5:51:53 PM Pg 1 of 1 Trans ID: LCV20262338865

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-002097-26

**Case Caption:** WHITE JEROME VS STATE OF NEW JERSEY
**Case Initiation Date:** 09/02/2026
**Attorney Name:** DEBORAH S DUNN
**Firm Name:** STARK & STARK PC
**Address:** 401 ROUTE 73 NORTH STE 130
MARLTON NJ 08053
**Phone:** 8568744443
**Name of Party:** PLAINTIFF : Jerome White
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jerome White?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** YES **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/02/2026
Dated

/s/ DEBORAH S DUNN
Signed

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON NJ 08650-0068

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS 8:30 AM - 4:30 PM

DATE: SEPTEMBER 02, 2026
RE: WHITE JEROME VS STATE OF NEW JERSEY
DOCKET: MER L -002097 26

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON THOMAS J. WALLS

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 008 AT: (609) 571-4200 EXT 74491.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: DEBORAH S. DUNN
STARK & STARK PC
401 ROUTE 73 NORTH STE 130
MARLTON NJ 08053

ECOURTS

JEROME R. WHITE Plaintiff
vs.
STATE OF NEW JERSEY, ET AL Defendant

Superior Court of New Jersey
Law Division
Mercer County
Docket Number: MER-L-002097-26

**Person to be served** (Name & Address):
NEW JERSEY STATE POLICE
1040 RIVER ROAD
EWING TOWNSHIP, NJ 08628

**Attorney:**
Deborah S Dunn, Esq.

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2026050737

Cost of Service pursuant to R. 4:4-3(c)

$____________

**Papers Served:** Summons, Complaint, Jury Demand, Certification Of Other Actions/Parties, Certification of Compliance with R. 1:38-7(c)(1), Demand For Answers To Interrogatories & Supplemental Interrogatories, Supplemental Interrogatories to Defendants, Instructions - Definitions, Supplemental Interrogatories Nos. 1-10, CIS, Track Assignment Notice, Lawyers Referral List

**Service Data:**

Served Successfully X Not Served_____ Date: 9/4/2026 Time: 9:10 am Attempts:_____

_________ Delivered a copy to him / her personally

_________ Left a copy with a competent household member over 14 years of age residing therein

X Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Kevin Carnall

Authorized Agent

**Description of Person Accepting Service:**

Sex: M Age: 42 Height: 6'0" Weight: 280 Skin Color: Caucasian Hair Color: Bald

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
September 9, 2026 by the affiant who is personally known to me.

Casey Nicholls
NOTARY PUBLIC

CASEY NICHOLLS
Commission # 50102330
Notary Public, State of New Jersey
My Commission Expires
April 02, 2029

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sharon McCabe Villa 9/9/26
Signature of Process Server Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2026050737
Ref: 078059-00001

JEROME R. WHITE Plaintiff
vs.
STATE OF NEW JERSEY, ET AL Defendant

Superior Court of New Jersey
Law Division
Mercer County
Docket Number: MER-L-002097-26

**Person to be served** (Name & Address):
STATE OF NEW JERSEY (VIA ELECTRONIC SERVICE)
C/O OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
25 MARKET STREET
TRENTON, NJ 08625

**Attorney:**
Deborah S Dunn, Esq.

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2026050738

Cost of Service pursuant to R. 4:4-3(c)

$____________

**Papers Served:** Summons, Complaint, Jury Demand, Certification Of Other Actions/Parties, Certification of Compliance with R. 1:38-7(c)(1), Demand For Answers To Interrogatories & Supplemental Interrogatories, Supplemental Interrogatories to Defendants, Instructions - Definitions, Supplemental Interrogatories Nos. 1-10, CIS, Track Assignment Notice, Lawyers Referral List

**Service Data:**

Served Successfully __X__ Not Served_____ Date: 9/7/2026 Time: 4:17 pm Attempts:_____

_________ Delivered a copy to him / her personally

_________ Left a copy with a competent household member over 14 years of age residing therein

____X____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

OCTAVIA BAKER (VIA ELECTRONIC SERVICE)

Agent/Authorized On Behalf of Attorney General

**Description of Person Accepting Service:**

Sex: - Age: N/A Height: N/A Weight: N/A Skin Color: N/A Hair Color: N/A

**Comments or Remarks:**
** SIGNED ACKNOWLEDGEMENT OF SERVICE ATTACHED **

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on September 9, 2026 by the affiant who is personally known to me.

Casey Nicholls
NOTARY PUBLIC

CASEY NICHOLLS
Commission # 50102330
Notary Public, State of New Jersey
My Commission Expires
April 02, 2029

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sharon McCabe Villa 9/9/26
Signature of Process Server Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2026050738
Ref: 078059-00001

| | |
|---|---|
| Jerome R White<br><br>**Plaintiff(s)**<br>**vs.**<br>State of New Jersey et al<br><br>**Defendants(s)** | **Superior Court of New Jersey**<br><br>Law **Division**<br>Mercer **County**<br><br>**Civil Action**<br><br>**Docket No.:** MER-L-2097-26<br><br>**ACKNOWLEDGMENT OF SERVICE** |

**SERVICE OF THE WITHIN:**

**FORECLOSURE DOCUMENTS:**

- ☐ Summons, Complaint in Foreclosure
- ☐ Summons, Amended Complaint in Foreclosure
- ☐ Summons, 2nd Amended Complaint in Foreclosure
- ☐ Summons, 3rd Amended Complaint in Foreclosure
- ☐ Notice of Intent, Order to Show Cause, Verified Complaint
- ☐ Notice of Intent, Order to Show Cause, Amended Verified Complaint
- ☐ Other:

**NON FORECLOSURE DOCUMENTS:**

- ☒ Summons, Complaint
- ☐ Summons, Amended Complaint
- ☐ Summons, 2nd Amended Complaint
- ☐ Summons, 3rd Amended
- ☐ Order to Show Cause, Complaint in
- ☐ Subpoena
- ☐ Other:

**Hereby acknowledged on this** 7th **day of** September**, 2026**

**By:** Octavia Baker, Attorney Assistant
**Attorney's Name – Print and Signature /or Person accepting Service**

**Attorney/Person For:** State of New Jersey

*Name of Defendant accepting on behalf of (must be written on above lines)*

***All information must be filled in.***

50738

JEROME R. WHITE Plaintiff
vs.
STATE OF NEW JERSEY, ET AL Defendant

Superior Court of New Jersey
Law Division
Mercer County
Docket Number: MER-L-002097-26

**Person to be served** (Name & Address):
TROOPER ADAM KOWALSKI, BADGE NO. 8192
NEW JERSEY STATE POLICE
1040 RIVER ROAD
EWING TOWNSHIP, NJ 08628

**Attorney:**
Deborah S Dunn, Esq.

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2026050736

Cost of Service pursuant to R. 4:4-3(c)

$__________

**Papers Served:** Summons, Complaint, Jury Demand, Certification Of Other Actions/Parties, Certification of Compliance with R. 1:38-7(c)(1), Demand For Answers To Interrogatories & Supplemental Interrogatories, Supplemental Interrogatories to Defendants, Instructions - Definitions, Supplemental Interrogatories Nos. 1-10, CIS, Track Assignment Notice, Lawyers Referral List

**Service Data:**

Served Successfully X Not Served_____ Date: 9/4/2026 Time: 9:11 am Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

X Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Kevin Carnall

Authorized Agent

**Description of Person Accepting Service:**

Sex: M Age: 42 Height: 6'0" Weight: 280 Skin Color: Caucasian Hair Color: Bald

**Comments or Remarks:**
09/04/2026 9:11 AM Signed Acknowledgment of Service attached

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on September 8, 2026 by the affiant who is personally known to me.

Casey Nicholls
NOTARY PUBLIC

CASEY NICHOLLS
Commission # 50102330
Notary Public, State of New Jersey
My Commission Expires
April 02, 2029

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sharon McCabe Villa 9/8/26
Signature of Process Server Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2026050736
Ref: 078059-00001

# EXHIBIT C

EXHIBIT C

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
Attorney for Defendants State of New Jersey,
New Jersey State Police, and Trooper Adam Kowalski

By: Michael B. McNeil
Deputy Attorney General
(609) 262-4358
michael.mcneil@law.njoag.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| JEROME R. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, ET AL.,<br><br>Defendants. | Civil Action No. |

**PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant City of Trenton hereby consents to the removal of this matter pursuant to 28 U.S.C. § 1446(a), from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.

CITY OF TRENTON

By: ________________________
Wesley Bridges, Esq.
Law Director

Dated: